IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID MANDLEY, *on behalf of* DEBORAH MANDLEY, | ) CASE NO. 1:17 CV 2410 ) ) |
| Plaintiff, | ) MAGISTRATE JUDGE ) WILLIAM H. BAUGHMAN, JR. |
| v. | ) ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) **MEMORANDUM OPINION &** ) **ORDER** ) |
| Defendant. | ) |

## Introduction

Before me[1] is an action by David Mandley, on behalf of his wife Deborah Mandley, under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying Deborah Mandley's application for disability insurance benefits.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under my initial[5] and procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9]

---

[1] ECF No. 13. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 10.
[4] ECF No. 11.
[5] ECF No. 4.
[6] ECF No. 12.
[7] ECF No. 16 (Mandley's brief); ECF No. 17 (Commissioner's brief).
[8] ECF No. 17, Attachment 1 (Commissioner's charts). Mandley did not file any charts.
[9] ECF No. 16 at 1-2 (Mandley's fact sheet).

For the reasons set forth below, I find that the ALJ's denial of disability insurance benefits must be affirmed.

## Facts

This case comes before the Court on a somewhat unusual set of facts. A hearing before the ALJ was held on March 14, 2016.[10] Deborah Mandley, undergoing chemotherapy for colon cancer at the time, was unable to attend the hearing given her illness.[11] Her attorney, Rachel Wilson, appeared at the hearing on her behalf.[12] The ALJ voiced his concerns regarding the lack of evidence before the date last insured, telling counsel that at this point he saw the case as one that would be decided at Step One.[13] The ALJ also expressed some confusion regarding Mandley's job duties for the vocational expert.[14] The ALJ told counsel he would continue the hearing rather than put it in post-hearing development in order to give counsel more time to see what other medical records could be obtained and for Deborah Mandley to provide a more detailed job description.[15] Significantly, the ALJ stated:

> ALJ: . . . And then after all this is done and we send out a notice of hearing *I would like from you either an indication that we should have a hearing or whether I'm to decide it on the record.*

---

[10] ECF No. 11, Transcript ("Tr.") at 30.
[11] *Id.* at 32.
[12] *Id.*
[13] *Id.* at 33.
[14] *Id.* at 35.
[15] *Id.*

>ATTY: Okay.
>
>ALJ: Because if you do get the medical records and medical source statements it might give me the hook I'm looking for in which case we can have a hearing. And if there is enough I might be able to do it on the record without the necessity of a hearing, but I would like to have the information that I requested before. And if you're not able to give, get the material from any of the doctors and hospitals I'll have to go on what's on the record.
>
>ATTY: *I understand.*[16]

Counsel submitted additional evidence after the hearing.[17] The ALJ proffered evidence back to counsel.[18] Counsel failed to respond to the proffer within ten days and the ALJ then proceeded to close the record and issued an opinion without any further proceedings.[19]

Deborah Mandley passed away from colon cancer in May 2016.[20]

## Analysis

Mandley challenges the ALJ's decision on substantive and procedural grounds. First, Mandley's husband, as her representative, argues that substantial evidence does not support the decision that she had substantial gainful activity for the period from the onset date (November 30, 2006) through the date last insured (December 31, 2010). Second, the

---

[16] *Id.* at 35-36 (emphasis added).
[17] *Id.* at 20.
[18] *Id.*
[19] *Id.*
[20] ECF No. 16 at 2.

representative claims that the ALJ improperly failed to permit a second hearing after the first was cancelled because of Mandley's illness.

As to the first, substantive issue, there appears to be evidence going both ways. In support of the ALJ's finding, Mandley continued to work through her date last insured and earned income. The amount is in dispute, but from the briefs it appears that she earned substantial income until a period in late 2009 or early 2010. It does not appear that Mandley placed any tax returns in the record. She did submit work history, work activity, and disability reports that the ALJ acknowledged in his decision. While these forms contain conflicting evidence – sometimes even within the same form – they contain evidence of self-reported work activity into 2011.[21] The ALJ acknowledged letters from Mandley's clients expressing concern about her medical condition[22] and ability to work through 2010.[23] Mandley points to no evidence the ALJ ignored or overlooked in his analysis. It is the ALJ's job, not the Court's, to weigh conflicting evidence and resolve the inconsistencies. Overall, the ALJ's finding of substantial gainful activity is appropriate under the deferential substantial evidence standard.

Regarding the second, procedural issue, as the Commissioner points out, after the first hearing was cancelled because of Mandley's illness, the ALJ scheduled a second hearing that did not go forward because of her death. Thereafter, the ALJ issued notice of

---

[21] *See, e.g.,* Tr. at 165, 173, 175, 182, 184
[22] *Id.* at 241-42, 663.
[23] *Id.* at 241-42.

intent to issue a decision with a supplemental hearing, along with instructions that Mandley's attorney could submit additional materials or request a supplemental hearing within ten days.[24]  The attorney did not respond to this notice.  No reversible procedural error occurred.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Deborah Mandley had no disability.  Accordingly, the decision of the Commissioner denying Mandley disability insurance benefits is affirmed.

IT IS SO ORDERED.

Dated: February 26, 2019      s/ William H. Baughman, Jr.
                              United States Magistrate Judge

---

[24] *Id.* at 250-51.